IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN E & S INSURANCE COMPANY | § § § | |
| v. | § § § | Civil Action No. 5:20-cv-608 |
| EVANSTON INSURANCE COMPANY | § | |

**PLAINTIFF GREAT AMERICAN E & S INSURANCE COMPANY'S ORIGINAL COMPLAINT**

COMES NOW, Plaintiff Great American E & S Insurance Company and files this its Original Complaint against Evanston Insurance Company, and, in support of same asserts and would show the following:

**I.
PARTIES**

1.  Plaintiff Great American E & S Insurance Company ("Great American") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Ohio.

2.  Defendant Evanston Insurance Company ("Evanston") is a corporation existing under the law of the State of Illinois with its principal place of business in the State of Illinois. Evanston is a surplus lines carrier eligible to write insurance policies in the State of Texas and is engaged in the business of insurance in Texas. Defendant Evanston has no registered agent in the State of Texas and can therefore be served with process per FED.R.CIV.P. 4(h), by serving the *Commissioner of the Texas Department of Insurance at 333 Guadalupe, MC 112-2A, P. O. Box 149104, Austin, Texas 78714-9104*, and the Commissioner can then forward process to *Bryan Williams Sanders, President & Director, or Any Other Officer of the Corporation, at 10 Parkway North, Deerfield, IL 60015*.

## II.
## VENUE AND JURISDICTION

3. There is complete diversity of citizenship among and between the parties to this civil action, and the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000) as this lawsuit concerns questions of insurance coverage and defense costs related to an underlying lawsuit in which the underlying plaintiffs are seeking more than $1,000,000 and in which Plaintiff Great American has incurred defense costs well in excess of $75,000 which it seeks to recover from Defendant Evanston. As such, jurisdiction in this judicial district exists pursuant to 28 U.S.C. §1332.

4. Venue is proper in this District under 28 U.S.C. 1391(b)(1) and 1391(c)(2) and (d) because Evanston as a corporation is subject to personal jurisdiction in this District, and thus resides in this District. Alternatively, venue is proper in this District under 28 USC 1391(b)(2) because a substantial part of the events, acts and omissions giving rise to the claims and issues involved occurred in this District and the underlying lawsuit for which coverage is being sought is pending in this District.

## III.
## FACTS

5. Martina McCallum previously filed a products liability personal injury lawsuit that is currently pending: *Martina McCallum v. Camping World, Inc., Barbara's Development, Inc. a/k/a DirecSource, DirecSource Ltd., and Guangzhou Trinity Cycles Co., Ltd.,* Civil Action No. 19-1021-OLG in the United States District Court for the Western District of Texas, San Antonio Division ("The Underlying Products Suit"). '

6. A true and correct copy of Plaintiff's First Amended Complaint on file in the Underlying Products Suit is **attached** hereto as **Exhibit A**.

7.      As set forth in Exhibit A, Ms. McCallum alleges in the Underlying Products Suit that on April 14, 2018, she purchased a 6-speed "Adventurer" foldable bicycle from a retail Camping World, Inc. ("Camping World") store in New Braunfels, Texas, and thereafter, on April 27, 2018, sustained injuries while riding the bike on the San Antonio Riverwalk when a safety ring on the bike came loose causing the bike's handlebars to collapse as she was riding it.

8.      Plaintiff's First Amended Complaint alleges in paragraph 10 that Barbara's Development, Inc. a/k/a DirecSource, DirecSource Ltd. and Guangzhou Trinity Cycles Co., Ltd. sold the bike to Camping World.

9.      Plaintiff's First Amended Complaint alleges various products liability theories of recovery against all of the defendants named in the Underlying Products Suit, including Camping World.

10.     Plaintiff Great American issued a Products and Completed Operations Liability policy No. PL1745311 to Camping World covering the date of the bike accident at issue in the Underlying Products Suit ("the Great American Policy").  As such, Great American previously retained defense counsel to defend Camping World in the Underlying Products Suit and Great American continues to defend Camping World in the Underlying Products Suit.

11.     A true and correct copy of the Great American Policy is **attached** hereto as **Exhibit B.**

12.     Defendant Evanston issued a "claims-made" Products Liability insurance policy No. MKLV5PPD000065 to Barbara's Development, Inc. d/b/a DirecSource ("Barbara's"), among other named insureds ("the Evanston Policy").

13.     The Evanston Policy generally affords $1 Million in liability coverage on a "claims-made" basis for the policy period of December 15, 2018-December 15, 2019.  Since Ms. McCallum's claim was made within, and the Underlying Products Suit was filed within, that

stated policy period, the claims involved in the Underlying Product Suit fall within the time period covered by the Evanston Policy.

14. A true and correct copy of the applicable Evanston policy no. is **attached hereto** as **Exhibit C** ("the Evanston Policy").

15. On information and belief, Evanston retained defense counsel to represent both Barbara's Development, Inc. d/b/a DirecSource and DirecSource, Ltd. in the Underlying Products Suit.

16. On information and belief, DirecSource, Ltd. uses the same California address as Barbara's and its individual sole shareholder is also a founder and principal in Barbara's.

17. In addition to its listed named insureds named in the Evanston Policy, the Evanston Policy also covers retail sellers of the Evanston named insureds' products pursuant to an "Additional Insured-Vendors" endorsement (no. CG 20 15 07 14)("the Evanston Vendors Endorsement"). A true and correct copy of the Evanston Vendors Endorsement is **attached hereto** as **Exhibit D.**

18. Specifically, the Evanston Vendors Endorsement states:

> A. Section II-Who Is An Insured is amended to include as an additional insured any person(s) or organization(s) (referred to below as vendor) shown in the Schedule, but only with respect to "bodily injury" or "property damage" arising out of "your products" shown in the Schedule which are distributed or sold in the regular course of the vendor's business. . . ".

The Evanston Vendors Endorsement's Schedule states that the "Your Products" covered by the Endorsement are those listed in a separate "Policy Changes" endorsement IL 12 01 11 85.

19. The referenced "Policy Changes" endorsement IL 12 01 11 85, on the Evanston Policy, i.e., "Policy Changes" endorsement No. 5 (**attached hereto** as **Exhibit E**), lists various types of products that are subject to the Evanston Vendors Endorsement, including "bike components", "sport training aids" and "sporting goods".

20. Thus, the Evanston policy extends "additional insured" product liability coverage to retail sellers — "vendors"-- of the listed products to the extent that such products were sold to supplied to the vendor by the Evanston named insureds .

21. In light of the specific allegations in paragraph 10 of Plaintiff's First Amended Petition alleging that Barbara's and DirecSource, Ltd. sold the bike involved to Camping World and the allegations of paragraph 18 alleging that Camping World then sold the bike to Ms. McCallum at Camping World's New Braunfels store, on April 20, 2020, Camping World's defense counsel formally demanded that Evanston afford defense and coverage to Camping World under the Evanston Policy. By letter dated April 21, 2020, Evanston denied Camping World's request for coverage and defense.

22. Evanston's April 21,2020 denial of defense and coverage to Camping World was based on two stated grounds: (a) Notwithstanding the allegations to the contrary in Paragraph 10 of Plaintiff's First Amended Petition in the Underlying Products Suit, the court in the Underlying Products Suit has determined in an interlocutory summary judgment order dated April 17, 2020 that there is no evidence that Barbara's was the entity that sold and supplied the bike to Camping World, and (b) DirecSource, Ltd. was the actual seller of the bike to Camping World and, even though the Evanston Policy lists its named insured as Barbara's Development, Inc. d/b/a DirecSource and even though Evanston is defending

DirecSource, Ltd. through the same lawyers it hired to also defend Barbara's, DirecSource, Ltd., is not an insured on the Evanston Policy.

## IV.
## CLAIMS FOR RELIEF

### A. Declaratory Judgment

23. Great American incorporates by reference the preceding paragraphs in this Complaint.

24. Great American requests that the court enter a declaratory judgment under 22 U.S.C. §2201 as follows:

a. That Evanston's duty to defend Camping World in the Underlying Products Suit is determined solely by a comparison of the Ms. McCallum's pleadings, without regard to the truth or falsity of the pleaded facts and without regard to any ruling by the court in the Underlying Products Suit or other extrinsic evidence outside of the pleadings. *Zurich American Ins. Co. v. Nokia Inc.,* 268 S.W.3d 487, 491 (Tex. 2008) (rejecting the insurer's extrinsic evidence indicating that the Plaintiff had not, in fact, sustained any "bodily injury" when the pleading alleged same because such evidence contradicted the pleading); *Guide One Elite Ins. Co. v. Fielder Road Baptist Church,* 197 S.W. 3d 305, 308 (Tex. 2006); *Pine Oak Builders, Inc. v. Great American Lloyds Ins. Co.*, 279 S.W.3d 650 (Tex. 2009) (no extrinsic evidence outside pleadings allowed on duty to defend, especially if it contradicts the allegations).

b. That applying that proper standard to the duty to defend analysis here, Evanston owed a duty to defend Camping World in the Underlying Product Suit as of the

April 20, 2020 formal tender of Camping World's defense and coverage to Evanston by Camping World's defense counsel;

c. That, accordingly, Evanston's denial of Camping World's request for defense on April 21, 2020 was wrongful and Evanston owed on April 20, 2020, and continues to owe, defense to Camping World in connection with the Underlying Product Suit under the Evanston Policy;

d. That in accordance with the respective "Other Insurance" provisions of the Great American and Evanston policies, respectively, Evanston's duty to defend Camping World is either primary with Great American's duty to defend being purely excess, or in the alternative, Evanston's duty to defend is co-primary with Great American's so that each insurer owes 50% of Camping World's defense.

e. That the Evanston Policy covers, or alternatively was intended to cover, DirecSource, Ltd. as a named insured under it, as evidenced by the facts that (a) both Barbara's and DirecSource, Ltd. share the same California office address, (b) "DirecSource" is one of the Barbara's "d/b/a" names specifically referenced in the Evanston Policy's list of named insureds, and (c) Evanston has and continues to defend DirecSource, Ltd. in the Underlying Product Suit through the same lawyers that it hired to defend Barbara's, and, thus, the Evanston Policy actually covers, or should be reformed to cover Camping World under the Evanston Vendors Endorsement insofar as the bike was purchased by Camping World from DirecSource, Ltd. instead of Barbara's.

**B.     Breach of Contract/Subrogation**

25. Great American incorporates by reference the preceding paragraphs in this Complaint.

26.     Great American asserts that Evanston's denial of defense to Camping World breached the Evanston Policy and that Great American, through its equitable or contractual subrogation rights, is entitled to recover the defense costs that it has incurred since such wrongful denial by Evanston as damages for Evanston's breach of contract.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Great American prays that the Court enter declaratory judgment declaring that Defendant Evanston owes a duty to defend Camping World in the Underlying Products Suit from April 20, 2020 forward, that Great American is entitled to recover is reasonable and necessary defense costs incurred in defending Camping World to date from Evanston, and for such other and further relief at law or in equity as Great American may show itself justly entitled to.

Respectfully submitted,

*/s/ David J. Schubert*

David J. Schubert—Attorney in Charge
State Bar No. 17820800
E-Mail: DSchubert@SchubertEvans.com

**Schubert & Evans, P.C.**
900 Jackson, Suite 630
Dallas, Texas 75202
Telephone: (214) 744-4400
Facsimile: (214) 744-4403

**ATTORNEYS FOR PLAINTIFF GREAT AMERICAN**